427 P.2d 396

CARBON CANAL COMPANY, a corporation et al., Plaintiffs and Appellants,

v.

COTTONWOOD–GOOSEBERRY IRRIGATION COMPANY, Inc., a corporation et al., Defendants and Respondents.

No. 10599.

Supreme Court of Utah.

May 1, 1967.

E. J. Skeen, Salt Lake City, S. V. Litizzette, Helper, Luke Pappas, Price, for appellants.

Arthur H. Nielsen, Phil L. Hansen, Atty. Gen., Dallin W. Jensen, Asst. Atty. Gen., Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a judgment against Carbon interests who claimed defendant irrigation company, (hereinafter referred to as Gooseberry) had not shown it had beneficially used 3,020 acre feet of water to which it had an ancient right before the turn of the century. Affirmed with costs to defendants.

Way back, sometime, Gooseberry had a right to use the water. The record fairly indicates that it tried to transport the water by circuitous porous earthen canals. There was at least a 40% loss by evaporation, seepage, etc. The record also reflects a continued effort to upgrade the transportation system, with some success. The process of improving it is continuing. Carbon says the seepage went back into Price River and has been used beneficially by downstreamers.

The basic fallacy of Carbon's contention is that once it has asserted Gooseberry's derelictions the latter has the burden of disproving it. The opposite is true—and we conclude that Carbon did not by clear evidence sustain its burden of showing any definite amount of water leakage, that whatever it might have been, found its way into Price River, or what people beneficially used it in what amount, or what statutory right to any such use was asserted by necessary appropriation procedures.

We think the trial court should be and hereby is affirmed.

CROCKETT, C. J., and CALLISTER and TUCKETT, JJ., concur.

CROFT, D. J., concurs in the result.